**Rafel LEWIS, Appellant–Petitioner,**

v.

**Harry K. RUSSELL, Warden, Appellee–Respondent.**

No. 00–4335.

United States Court of Appeals, Sixth Circuit.

Aug. 16, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

## OPINION

PER CURIAM.

Rafel Lewis was convicted on one count of murder by a state-court jury in February of 1997, for which he received a sentence of 15 years to life in prison. After unsuccessfully pursuing all available state-court relief, Lewis petitioned for a writ of habeas corpus in federal district court on the basis that he received the ineffective assistance of counsel. The district court, after conducting an evidentiary hearing, denied Lewis's petition. For the reasons set forth below, we AFFIRM the judgment of the district court.

Lewis raises four grounds in support his ineffective-assistance-of-counsel argument. The points raised are identical to the ones that he presented to the district court. Specifically, Lewis contends that he received the ineffective assistance of counsel in violation of his Sixth Amendment rights because: (1) trial counsel did not seek to suppress Lewis's videotaped confession as having been obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), (2) trial counsel did not request a jury instruction on the lesser-included offense of voluntary manslaughter, (3) trial counsel did not seek to redact four statements of opinion expressed by his questioners in the videotaped interrogation, and (4) appellate counsel did not argue on direct appeal that trial counsel was ineffective for not seeking to redact those statements.

We conclude that the district court did not err in denying relief pursuant to 28 U.S.C. § 2254 on any of these grounds. The district court carefully addressed each of Lewis's arguments and, in doing so, clearly explained the reasons why (1) none of the actions of Lewis's counsel constituted deficient performance under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) the actions were in any event harmless because they did not prejudice his receipt of a fair trial.

The district court determined, correctly in our view, that Lewis's videotaped statements were not obtained in violation of *Miranda*. We reach this conclusion because Lewis was read his rights and explicitly recognized that he could elect to remain silent, all before he volunteered that "if you want to know what happened, I'll tell you what happened." He then proceeded to speak freely to the detectives. The district court also properly concluded that trial counsel's failure to request a jury instruction on the lesser-included offense of voluntary manslaughter constituted a reasonable strategic decision

consistent with Lewis's effort to seek a full acquittal on the basis of self-defense.

■ Furthermore, we believe that the district court correctly determined that the decision of Lewis's counsel not to seek the redaction of certain statements of opinion made by the detectives concerning Lewis's claims of self-defense did not amount to the ineffective assistance of counsel. As the district court found, the decision not to redact was a reasonable trial strategy because the statements served to explain factual inconsistencies that resulted from Lewis allegedly being under undue pressure in the interrogation, and because the statements were part of an exchange that included Lewis's statement that "I didn't mean to kill him."

■ The district court also properly determined that, even if the statements should have been redacted, their effect was harmless given (1) the substantial amount of independent evidence of Lewis's guilt, and (2) trial counsel's effective cross-examination of Detective O'Donnel. In light of our agreement with the district court that trial counsel did not render ineffective assistance in failing to redact the detectives' statements from the videotape, we also concur with the district court's conclusion that appellate counsel's failure to raise this issue on appeal did not itself constitute ineffective assistance.

The district court, in a thorough and well-reasoned 35–page opinion, correctly applied the principles of law set forth in *Strickland* to the facts of this case, and fully addressed each of Lewis's contentions of error. No precedential or jurisprudential purpose would therefore be served by the entry of a lengthy opinion by this court rephrasing the excellent analysis employed by the district court.

In sum, we are unable to say that any of the acts of Lewis's trial or appellate counsel was "below an objective standard of reasonableness," *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052, or that the state court's application of clearly established federal law was "objectively unreasonable." *Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We thus conclude that the district court did not err in denying Lewis's petition for habeas corpus.

For these reasons, we AFFIRM the judgment of the district court.